# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JOHN A. CRAWFORD, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-45-JMB |
| DAMIAN AUSTIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John A. Crawford, a prisoner, for leave to commence this action without prepayment of the filing fee. Having reviewed the motion and the inmate account statement submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will direct plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement that shows an average monthly balance of $5.00. The Court will therefore assess an initial partial filing fee of $1.00, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, inter alia, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that pro se complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se

2

complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff prepared the complaint in the form of a ten-page letter. Named as defendants are Sergeant Damian Austin and Lieutenant David Cutt. Plaintiff does not specify whether he intends to sue each defendant in his official capacity, individual capacity, or both. Plaintiff describes many events in detail, including being placed in disciplinary segregation, being forced to wait too long to use the bathroom, being retaliated against, being issued a conduct violation, and not receiving a response to grievances. However, the letter is so full of extraneous information that it is difficult to discern what plaintiff alleges each defendant did to violate his constitutional rights.

On October 27, 2017, plaintiff filed a "Motion to Amend and/or Supplement the Pleading Under Rule 15 Fed. R. Civ. P." (Docket No. 7). Therein, plaintiff asks the court to assign an attorney to amend his pleading. He states that he is being denied treatment for cirrhosis of the liver, and that all of the issues he wants to raise have been properly grieved.

### Discussion

The original complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). However, because plaintiff is proceeding pro se, and because he has clearly indicated that he wishes to amend his pleading,[1] the Court will allow him to file an amended complaint. The Court will not, however, appoint an attorney for plaintiff at this time, as it does not appear that the appointment of counsel is mandated at this stage of the litigation. *See Phillips v. Jasper*

---

[1] At this stage of the litigation, plaintiff does not require leave of Court to file an amended pleading. The motion will therefore be denied as moot.

*County Jail*, 437 F.3d 791, 794 (8th Cir. 2006), *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). In addition, plaintiff is advised that the Court does not accept amendments to pleadings by supplement or interlineation. Instead, plaintiff must file an amended complaint that fully sets forth his claims.

In preparing the amended complaint, plaintiff must follow Rule 8(a) of the Federal Rules of Civil Procedure, which requires (in relevant part) that a complaint contain a **short and plain** statement of the claim, showing that plaintiff is entitled to relief. In addition, if plaintiff wants to name more than one defendant, he should include in the complaint only claims that arise out of the same transaction or occurrence, or, simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a). If plaintiff wants to name more than one defendant and assert claims that are not related to each other, he must file each claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis. Alternatively, plaintiff may choose one single defendant and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

Plaintiff must prepare the amended complaint using a Court-provided form. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) write a **short and plain** statement of the facts that support his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual or official capacity.[2] If plaintiff is suing more than one defendant, he should do the same thing for each one.

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

4

Plaintiff must file an amended complaint within thirty (30) days of the date of this Memorandum and Order. The filing of the amended complaint completely replaces the original. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend/Correct (Docket No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in accordance with the instructions set forth herein within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 6th day of November, 2017.

    /s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE