UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHN A. CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-45-JMB |
| | ) |
| DAMIAN AUSTIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of an amended complaint by plaintiff John A. Crawford. For the reasons explained below, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

Plaintiff initiated this civil action by filing a complaint in this Court on July 17, 2017. He sought and was granted leave to proceed *in forma pauperis*. In the complaint, plaintiff named two individuals as defendants and claimed various forms of wrongdoing, including being placed in disciplinary segregation, being forced to wait too long to use the bathroom, being retaliated against, being issued a conduct violation, and not receiving a response to grievances. Plaintiff

2

set forth his claims in conclusory fashion instead of alleging facts showing what each defendant did to violate his federally-protected rights, and he included so much extraneous information that it was difficult to discern his claims. Subsequently, plaintiff filed a motion indicating his intention to file an amended complaint. In light of plaintiff's motion and the fact that the original complaint was subject to dismissal, the Court entered an order directing him to file an amended complaint. Therein, the Court set forth clear instructions about how plaintiff should prepare the amended complaint. Among other things, the Court clearly instructed plaintiff that he must comply with Rule 8(a) of the Federal Rules of Civil Procedure, that if he named more than one defendant he should include only claims that were related, and that he must allege facts showing what each defendant did to violate his rights. Plaintiff subsequently filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915.

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against thirty-five defendants, ten of whom are unknown. Plaintiff enumerates six claims for relief, stemming from unrelated events beginning in 2014 and continuing as plaintiff was transferred to various institutions within the Missouri Department of Corrections. As with the original complaint, the amended complaint contains a great deal of extraneous information and legally conclusory statements. The Court will address each of plaintiff's enumerated claims.

## Discussion

### A. Claim One

Claim One is titled "deliberate indifference to medical needs in violation of the Eighth and Fourteenth Amendments; denial of services to a qualified person with a disability under 42 U.S.C. 12101 *et seq.* Title II of the ADA; Denial of substantive right to healthcare from the Department of Veterans' Affairs VAMC, Columbia, Mo, violating 38 U.S.C. § 1710." (Docket

3

No. 15 at 9). In support, plaintiff alleges "the doctors of Corizon Healthcare Inc." are falsifying records to justify denial of prescribed treatment, and "MDOC, ADA coordinators" are denying him proper bedding. *Id.* Plaintiff lists the names of doctors from Missouri Department of Corrections' facilities in which he was housed, and states they denied proper care and access to a specialist. He refers to "unknown ADA coordinators" at three different institutions, and states that they failed to perform fiduciary duties. *Id.* at 11-12. He claims "the listed medical personnel . . . denied any meaningful treatment during the periods [plaintiff] was housed at their facilities." *Id.* at 12. He also claims certain Corizon employees are in breach of contract with the people of the State of Missouri.

Plaintiff's allegations in Claim One fail to state a claim under § 1983. In setting forth his claims, plaintiff merely refers to defendants collectively and concludes that they violated his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because plaintiff has not adequately alleged facts showing how each defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights, his claims that he was unlawfully denied medical care fail to state a claim under § 1983. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant).

Plaintiff's allegations in Claim One also fail to state a claim under the ADA. To state such a claim, a plaintiff must allege, *inter alia*, that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity. *Baribeau v. City of*

4

*Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).  Here, while plaintiff alleges he was denied a particular kind of mattress and unidentified defendants violated their fiduciary duties, he does not allege facts tending to show how he was denied the benefits of the services, programs, or activities of any of the institutions in which he was incarcerated.  He therefore fails to state a claim under the ADA.

Moreover, by merely lumping these defendants into an undifferentiated mass without providing a factual basis to distinguish their conduct, plaintiff has failed to give any named defendant fair notice of the grounds for the claims made against him or her.  This practice results in a pleading that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  *See Aragon v. Che Ku*, 277 F.Supp.3d 1055, 1060-61 (D. Minn. 2017) (citing *Tatone v. SunTrust Mortg., Inc.*, 857 F.Supp.2d 821, 831 (D. Minn. 2012)).

Finally, plaintiff's allegations that the defendants were deliberately indifferent, or that they denied him proper health care, are no more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient.  *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.").  Having liberally construed plaintiff's allegations, the Court concludes that they allege nothing more than a "mere possibility of misconduct," and therefore fail to demonstrate a plausible claim for relief.  *Id.* at 679.

### B.     Claims Two and Five

In Claim Two, plaintiff states he was denied due process because he was issued various conduct violations for misbehavior he claims he engaged in because his medical conditions affected his behavior.  Plaintiff complains that "MDOC staff" told him that his conditions were not an excuse to misbehave.  (Docket No. 15 at 14).  Plaintiff then lists numerous conduct

violations he was issued, along with the names of the defendants who issued them. He states that the disciplinary action taken against him caused him to suffer anguish and mental suffering. He also states, in conclusory fashion, that he was denied medical care while in "the hole." *Id.* at 15. In Claim Five, plaintiff alleges his due process rights were violated when he was sanctioned when another inmate threw a shank into his cell. He claims that defendant Wombles issued a conduct violation and he was placed in a higher level camp as a result.

Plaintiff's allegations amount to only an appeal from various prison disciplinary proceedings. This Court may not engage in *de novo* review of prison disciplinary findings. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). Federal courts reviewing prison disciplinary proceedings are limited to determining whether the proceedings complied with the requirements of the due process clause. *See id.* Here, while plaintiff states in conclusory fashion that he was denied due process, he fails to allege facts from which it could reasonably be inferred that his due process rights were actually infringed. In addition, his conclusory statement that he was denied medical treatment while in the hole does not give rise to a plausible entitlement to relief. As noted above, to state a plausible claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### C. Claim Three

Claim Three is titled "Deliberate indifference to my medical needs, by Medical Director MCC Dr. Ruanne Stamps, (known by her Corizon colleagues as Dr. Death). For denying a liver patient the necessary low sodium diet to prolong life and mitigate damage, denying access to a hepatologist or gastroenterologist, and denying a liver transplant. Violating U.S. Const. Amend. 8 and 14. Also this Court has jurisdiction on this claim under 28 U.S.C. 1332 and 1367 for state malfeasance and malpractice torts, and breach of contract." (Docket No. 15 at 18). For his facts

in support, plaintiff writes "this doctor is now the treating physician, who has taken the same position as other Corizon doctors in denying any real meaningful healthcare, or access to necessary specialist, given my late stage liver disease." *Id.* at 15-16. Elsewhere in the amended complaint, plaintiff alleges Dr. Stamps is unqualified, and is giving him a lower Model for End-Stage Liver Disease ("MELD") score in order to avoid referring him to a hepatologist or placing him on a liver transplant list.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 106; *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs, and Dr. Stamps actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To demonstrate the second prong, plaintiff must demonstrate that Dr. Stamps's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Id.* at 1240-41.

Here, plaintiff has made no such showing. He alleges that he suffered objectively serious medical needs, but he alleges no facts from which the Court can reasonably infer that Dr. Stamps intentionally mistreated him or refused to provide any essential care. In fact, plaintiff alleges no facts at all tending to show how Dr. Stamps was directly involved in, or personally responsible for, any violation of his constitutional rights. *See Martin*, 780 F.2d 1334 (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant); *Madewell*, 909 F.2d at 1208 ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights)." As elsewhere in the amended complaint, plaintiff's allegations in Claim Three amount only to "legal conclusions" and "[t]hreadbare recitals of the

elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

To the extent plaintiff can be understood to claim that Dr. Stamps is guilty of malpractice or negligence, or to the extent he can be understood to claim disagreement with her medical decisions, such claims are not cognizable in these proceedings. *See Estelle*, 429 U.S. at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner"); *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) ("a mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

### D.    Claim Four

In Claim Four, plaintiff claims he requested dentures "from Corizon Corrections Healthcare Inc.;" "the dentist" saw him for an appointment some time thereafter; the dentures he received did not fit; and he had to wait about one year to receive a working pair. (Docket No. 15 at 19). Again, plaintiff has not alleged the personal responsibility of any named defendant, *Martin*, 780 F.2d 1334, and he has not plead facts sufficient to give rise to the inference that any treatment provider intentionally mistreated him or refused to provide essential care. At most, plaintiff can be understood to allege negligence or medical malpractice, neither of which is actionable under § 1983. *See Daniels*, 474 U.S. at 328; *Estelle*, 429 U.S. at 106.

### E.    Claim Six[1]

Claim Six is titled "Retaliation by Damian Austin, placing my life in jeopardy, by informing another inmate that I was a child molester." (Docket No. 15 at 20). In support, plaintiff alleges that Austin, in retaliation for an earlier incident in which plaintiff urinated on the floor, told plaintiff's cellmate that plaintiff was a child molester. Plaintiff alleges that prison

---

[1] Plaintiff enumerated this claim "Claim Five." However, it is the sixth enumerated claim in the amended complaint. Plaintiff's use of the title "Claim Five" therefore appears to be merely a typographical error.

gangs extort and/or beat prisoners who are known to be child molesters. He does not allege that his cellmate was a member of such a gang or was known to engage in such behavior or that Austin believed this to be true, nor does he allege his cellmate attacked or harmed him.

To establish a § 1983 claim for retaliation, plaintiff must allege, and ultimately prove, that he engaged in protected activity, and the defendant, to retaliate therefor, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Here, because plaintiff does not allege Austin's actions were in retaliation for plaintiff engaging in any constitutionally-protected activity, he does not state a claim for retaliation. Plaintiff's allegations also fail to state a failure-to-protect claim, as he does not allege he was attacked or suffered any injury, *see Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008), nor does he allege Austin knew of, and responded unreasonably to, a substantial risk of serious harm from the cellmate. *See Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). At most, plaintiff alleges that Austin called him a bad name. These allegations do not state a claim of constitutional significance. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) (verbal abuse and name calling, without more, do not invade a federally-protected right).

The Court has carefully reviewed and liberally construed the amended complaint, and has determined it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state any plausible or viable claims for relief. Even if it could be said plaintiff had plead a plausible or viable claim, the amended complaint would be subject to dismissal because plaintiff has not complied with Rule 8(a) of the Federal Rules of Civil Procedure even though he was previously cautioned about the necessity of doing so. Defendants are entitled to fair notice of plaintiff's claims and the grounds upon which they rest, and the amended complaint is wholly deficient in this respect. *See Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir.

1983) (stating that dismissal for failure to comply with Rule 8 generally should be with leave to amend, but that persistent violation of Rule 8 may justify dismissal with prejudice); *see also Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (persistent failure to comply with Rule 8 justifies dismissal without leave to amend). Finally, the Court declines to exercise pendent subject matter jurisdiction over any state law claims plaintiff may be understood to bring.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of assignment of attorney (Docket No. 16) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of May, 2018.

*E. Richard Webber*
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE